S. T. W. MINOR, plaintiff in error, *vs.* H. V. CLARK *et al.*, defendants in error.

When a bill was filed for a specific performance of a confederate contract, and the allegations contained therein did not make such a case as entitles the complainant to any equitable relief:

*Held,* That a demurrer to the bill, for want of equity, was properly sustained by the Court.

Equity. Infants. Specific performance. Before Judge BIGBY. Fayette Superior Court. October Term, 1870.

Minor's bill made this case : On the 27th day of July, 1863, one Littleton B. Clark made and executed his last will, in which he directed that his slaves should be equally distributed among his children, and that his wife, Hannah V. Clark, should have a life estate in all his real estate, except lot of land 184, to which lot he made reference in the first item of his said will, as follows : "I desire my wife, Hannah V. Clark, shall have all the land attached to the home place, where we now live, except lot 184, which will be rented out for one or two years." He made no final disposition of said lot. He appointed his wife and his son-in-law, James R. Bailey, his executors. In 1863 he died. Said executors applied to the Court of Ordinary, and obtained letters testamentary on the estate. His heirs and next of kin are the following named persons : His sons, J. T. Clark, Hiram Clark, George Clark, Frank Clark, Madison Clark ; sons-in-law, James R. Bailey, who intermarried with Eliza Clark ; Ralph Jackson, who intermarried with Caroline Clark ; daughters, Harriet Vessels, widow of Thomas J. Vessels ; Emma Fields, widow of Isaiah Fields ; Rilla Clark and Mary Clark, a minor and a grand child ; —— Clark, representative of Green Clark, deceased.

In the early part of the year 1860, the executors and the legatees, beleiving that it would be conducive to the interest

of all parties interested, entered into a written agreement to divide said estate without reference to said will. Madison Clark and Ralph Jackson, at that time lived in the State of Arkansas, and the Hannah V. Clark signed for said legatees by virtue of instructions she had received from the said Madison and Ralph by letters. Hiram and George Clark were in the army, and their wives signed said agreement by virtue of instructions they had received from their husbands, by letter. Each of the other legatees signed said agreement in *"propria persona,"* except the child of Green Clark. Whether said child signed said agreement at all is not known. Said child had no interest, under the will, in the subject-matter of the division. Said agreement and the letters hereinbefore referred to, are in the possession of the said H. V. Clark; therefore complainant is unable to attach the same as exhibits, or to state positively their contents; but has been informed and believes it to be true, that the terms of said agreement were substantially as follows: That the slaves of said estate, together with lot of land one hundred and eighty-four, should be equally divided between the legatees, share and share alike, without reference to said will, and John S. Holliday, John J. Gilbert and John Hair should be the distributors to superintend said division. Before the distribution in said instrument agreed upon by the said legatees, Franklin Clark, one of the legatees, for a valuable consideration to him paid by one James M. Austin, transferred and assigned to said Austin, all right, title, claim or interest of, in or to the estate of the said L. B. Clark.

In February, 1865, the said John S. Holliday, John J. Gilbert and John Hair met at the residence of the said L. B. Clark, and after due notice to all the parties in interest to apportion and divide said estate according to said agreement, and apportioned said estate, share and share alike, making lot one hundred and eighty-four one share, by the person drawing it paying to said estate $1,500 00 in Confederate money, that amount being necessary, in the opinion of said

distributors, to make said share exactly equal to the others. After the satisfactory apportionment of said shares, the lega-atees drew by lot, and James M. Austin, who had bought Frank Clark's interest, drew lot of land one hundred and eighty-four. In January previous, the negroes belonging to said estate, had been hired out for a short time, to-wit: until said division could be made. At said division all the ne-groes were present, and the legatees, after drawing, took pos-session of their respective negroes, and kept them in their possession and controlled them until some time in the sum-mer of said year. Said legatees expressed themselves as per-fectly satisfied with the division, and one of the legatees, to-wit: Emma Fields, refused to trade the negro she had drawn for said lot of land.

James M. Austin deposited with H. J. Hughie a suffi-ciency of effects, with instructions to pay said $1,500 00 to H. V. Clark, according to the agreement, the said H. V. Clark being made the agent of all the legatees, all of which facts the legatees had notice of; yet, neither H. V. Clark nor any of the legatees ever called on the said Hughie for said money. About the last of March, said Austin sent his agent, with $1,500 00 Confederate money, and tendered it to the said H. V. Clark, who refused to accept it, under the advice of counsel. Said land had been rented for the year 1865 to H. J. Hughie and Thomas J. Vessels. Shortly after said Austin drew said lot of land, he sold the same to complainant for a valuable consideration, then and there paid him, and Austin then and there agreed, in writing, to make complainant a deed to said land, whenever the said · Austin could obtain a deed to the premises from the said H. V. Clark or the legatees. In November, 1865, the said executors, by complying with requisitions of the law in such cases, obtained an order from the Ordinary of Fayette county to sell said lot of land, and, after the usual advertisement, sold the same at public outcry, in the town of Fayetteville, on the first Tuesday in January, 1866. Hiram Clark, one

of the legatees, became the purchaser, for the sum of $1,150 00. Hiram Clark has since sold one-half of said land to the said H. J. Hughie; and Hiram Clark and Hughie, and one William Beard, tenant of the said Hughie, are now in possession of said lot of land. In the fall of 1865, H. J. Hughie frequently applied to complainant to rent him, the said Hughie, the said lot of land for the year 1866. Hiram Clark and Henry J. Hughie had full and ample notice of complainant's claim to the premises. He prayed that said Hannah V. Clark may be compelled to bring into Court the original agreement entered into by the legatees of L. B. Clark, and the original letter or letters written by the legatees, who reside without the limits of the State of Georgia, so far as the same may have come to the hands of the said H. V. Clark, that have any reference whatever to the administration of the estate of L. B. Clark, or the distribution or division thereof, and be compelled to produce all letters of George and Hiram Clark, that may have come to her hands, that have any reference whatever to the management, administration or distribution of said estate. Further, that said legatees be decreed to execute a deed to lot of land No. 184 to complainant, he being now ready in Court and proposing, as the Court may decree, to pay to the legatees the value of the said $1,500 00, due by James M. Austin; and that, if said executors ever made a deed to Hiram Clark, or to any other person, said deed may be delivered up and cancelled, by a decree, and for general relief.

He amended as follows: At the time of filing said bill, James M. Austin was insolvent and unable to pay to complainant the amount of money advanced to said Austin, and he consented and agreed that complainant take possession of said land in discharge and settlement of said debt; and that it has been agreed and consented by said Austin, that complainant take, hold and own said land, with all the interest, right and title which he, the said Austin, then had, which

was accepted by the complainant, and on which complainant had acted, and did not, and does not now, consider the said Austin bound for the sum of money advanced to him. Copies of the will and of Austin's obligations were exhibited in the bill. Upon demurrer, this bill was dismissed for want of equity. That is assigned as error.

TIDWELL & FEARS; R. T. DORSEY, for plaintiff in error, cited 13th Ga. R., 484; 2 Story's Eq., J., secs. 788, 790, inclusive.

J. L. BLALOCK; PEEPLES & HOWELL, for defendants: Minors were not represented or bound by said agreement. Austin never had title, and therefore no specific performance can be decreed. The obligation was but a promise to pay so much money or make title to said lot.

WARNER, Judge.

This was a bill filed by the complainant against the defendants, praying for a specific performance of an alleged contract in relation to a tract of land. The complainant alleges that the lot of land was the property of L. B. Clark, at the time of his death, who died leaving a will, by which he appointed his wife and one Bailey, executrix and executor thereof; that in the year 1865, the executors and legatees under said will entered into an agreement to divide the testator's estate, without any reference to the provisions of the testator's will; that Franklin Clark, one of the legatees under the will, transferred his interest, as such legatee, to one Austin; that when the division of the estate, under the agreement, took place, Austin received, as his share thereof, lot of land number one hundred and eighty-four, upon his paying to the other parties the sum of $1,500 00 in Confederate money; that afterwards, on the 25th of March, 1865, Austin executed his obligation to the complainant, for the sum of $5,000 00 in Confederate money, or $100 00 in gold,

which was to be discharged by making him or his heirs a title to lot number one hundred and eighty-four, drawn by Austin, as part of the estate of the deceased testator.   It also appears from the complainant's bill, that this tract of land was sold by the executors of the testator, by virtue of an order of the Court of Ordinary, at public outcry, on the 1st Tuesday in January, 1866, for the sum of $1,150 00, and purchased by Hiram Clark, one of the legatees under the will, who has since sold it to other parties, who had notice of complainant's claim.   There is no allegation in complainant's bill that, at the time of the alleged division of the testator's estate, there were no debts due by the testator, or that all the legatees were of full age ; but on the contrary, it appears on the face of the bill that one of them was a minor.   The prayer of the bill is, that the legatees under the will may be decreed to execute a title to the complainant to lot number one hundred and eighty-four, he offering to pay the value of the $1,500 00, due by Austin, in Confederate money, in February, 1865, the time of the division of the estate.   To this bill of complaint the defendants demurred for want of equity. The Court sustained the demurrer and dismissed it.   Whereupon, the complainant excepted.   There was no error in the Court below in sustaining the demurrer for want of equity, and in dismissing the bill.

Judgment affirmed.